Fourth Parish in West Springfield
*v.*
· Root.

GEORGE MARSH *et al. versus* MARTIN DAY Junior.

Where a note was guarantied to be " good and collectable two years," it was *held*, that the guarantee was liable upon his contract, at any time after the note became due within the two years.

UPON a case stated, it appeared, that this action was assumpsit against the defendant, as the guarantee of three promissory notes, payable to the plaintiffs, two of them made by David N. Day, which were due before the 7th of August, 1833, and the third, which became due on the 7th of October, 1833, made by Day & Co. On each of these notes was an indorsement to the following effect : " Westfield, August 7th, 1833. Received of Marsh, Gilbert & Co. [the plaintiffs] fifty cents, in consideration whereof, I hereby warrant this note good and collectable two years. Martin Day, jr."

It was admitted, that previously to October 31st, 1834, which was the date of the writ in this action, the plaintiffs had commenced actions against the makers of the notes, but no property was found in their possession which could be attached.

At the trial, the defendant contended, that the action was prematurely brought ; but the judge overruled the objection, and ordered a default, subject to the opinion of the Court.

*Blair*, for the defendant.

*W. G. Bates*, for the plaintiffs, cited *Norton* v. *Eastman*, 4 Greenleaf, 521.

SHAW C. J. delivered the opinion of the Court. The only question is upon the construction of the defendant's guaranty, which being given upon a pecuniary consideration, was a valid one. The obligation of a guarantor or surety, is not to be

*Sept. 30th*

*Oct. 1st*

Marsh
*v.*
Day.

extended beyond the plain scope of his undertaking. The defendant's undertaking is, in each case, to warrant the note good and *collectable*, two years. Two of the notes were then due and payable ; the other was not due. The true construction of this contract, in the opinion of the Court, is, that the notes shall remain good and capable of being collected, for the erm of two years. If, therefore, upon taking proper measures to collect them, at any time after they were due, within two years, they could not be collected, it was a breach of the defendant's promise, for which an action lies. The expression of the term of two years, we think, was to limit the extent of the guaranty, which would otherwise have been indefinite, and this construction is favorable to the guarantor.

*Defendant defaulted.*